## John H. Beal *vs.* John N. Roberts.

In an action for the price of a promissory note sold and delivered, the note may be properly described as " a negotiable promissory note," though the payee's indorsement is forged, if, notwithstanding the forgery, the maker is liable.

In an action for the price of a promissory note sold, the purchaser agreeing to "take his chances" of the genuineness of the payee's indorsement, which was in doubt, it is not incumbent upon the vendor to prove the validity of the indorsement; the delivery of the note transfers his title, and is a sufficient consideration for the promise to pay the price.

CONTRACT to recover $200 which the plaintiff alleged the defendant owed him " for a negotiable promissory note [described] sold and delivered by the plaintiff to the defendant."

The note was as follows : " Boston, April 18, 1871. Four months after date I promise to pay to the order of S. Dillingham three hundred dollars. Payable at any bank in Boston. J. R. Dillingham." Upon the back of the note was the signature " S. Dillingham."

At the trial in the Superior Court, before *Devens,* J., the plaintiff introduced evidence to show that the maker of the note sold it to him about two weeks after its date for $275, and he testified that he did not know the signature of either party to the note ; that he never heard anything about the indorsement, except that once the defendant, before he purchased the note, " intimated to me that the indorsement might be a forgery."

The plaintiff introduced evidence to show that the signature of the maker of the note was genuine, but no evidence was introduced as to the genuineness of the signature of the payee. There was evidence to show a sale and delivery of the note to the defendant, February 20, 1872, after the note had matured ; that the writing on the back of the note, purporting to be the signature of the payee, resembled in some respects the signature of the maker, which signature it was agreed was genuine ; that the plaintiff bought the note of the maker in the same condition as when he sold it to the defendant, and that the defendant knew this when he bought it ; that the plaintiff did not know the indorser, and did not know whether the indorsement was genuine ; that the de-

fendant knew, when he bought the note, what knowledge the plaintiff had ; that when the defendant bought the note, he told the plaintiff he would give him $200 and " take 'his chances ; " that the defendant then had three or four other notes similar to this, with similar indorsements, and signed by the same party ; that before he bought the note of the plaintiff, he spoke of it as the note the plaintiff had bought of the maker ; and that the plaintiff did not indorse the note, or make any representations as to its goodness or as to the genuineness of the signatures.

On the foregoing facts the defendant asked the court to rule :

" 1. That in order to recover under this form of declaration, the plaintiff must show the existence of a negotiable promissory note which was the subject of the trade between himself and the defendant.    2. That if the jury were of the opinion that the signature of the payee was forged, the plaintiff could not recover, and that the alleged note would not, under such circumstances, be a sufficient consideration for a promise to pay any sum whatever therefor.    3. That in order to recover under this form of declaration, the plaintiff must prove the genuineness of the signatures of both maker and payee of the alleged note.    4. That plaintiff cannot recover unless he shows he has conveyed a good title to the alleged note to the defendant, and in order to show a title in himself which he could convey to defendant, he must show genuineness of payee's signature."

The court declined to rule as requested, but did rule : " 1. That the evidence for the plaintiff, if true, was sufficient to sustain the declaration, and to make out a *primâ facie* case for him in the absence of any evidence on the part of the defendant.

" 2. That if the parties entered into a negotiation for the purchase and sale of the alleged note, there being doubts of the genuineness of the signature of payee known to both parties, and the defendant agreed to buy the alleged note and take his chances, it would be of no consequence whether or not payee's signature was forged, the bargain would be lawful, and if defendant took the note into his possession under a delivery from the plaintiff, the price agreed upon between the parties might be recovered."

The court also ruled that the note was sufficiently described in the declaration.

The jury found a verdict for the plaintiff, and the defendant excepted.

*J. M. Day & A. F. Butterworth*, for the defendant.

*L. W. Howes*, for the plaintiff.

AMES, J. The instructions requested by the defendant were properly refused. It was enough for the purposes of the trial that the paper document in controversy purported upon its face to be a negotiable promissory note. Even if the signature purporting to be that of the payee had been a forgery, the signature of the maker was admitted to be genuine, — a fact which was quite enough, under the circumstances described, to render him liable in some form of action to the plaintiff. *Lobdell* v. *Baker*, 1 Met. 193. *Cabot Bank* v. *Morton*, 4 Gray, 156. *Merriam* v. *Wolcott*, 3 Allen, 258. The transfer of the note, and the plaintiff's claim upon it, would be a sufficient consideration for the defendant's alleged promise. If the contract between the plaintiff and the defendant was that the latter would purchase the note at a discount, and take his chances as to the genuineness of the indorsement, it was clearly not for the plaintiff to prove its genuineness. The delivery of the note was sufficient, under such a contract, to transfer the plaintiff's title to the defendant.

The rulings given by the court were correct, and all that the case required. The evidence tended to show a sale of the note at an agreed price, which the defendant had not paid. The note had not been paid at maturity, and both parties understood that there were doubts as to the genuineness of the indorsement. There is no suggestion of any misrepresentation on the part of the plaintiff, or mistake on that of the defendant. If the defendant saw fit in this state of things to buy this discredited paper, and " take his chances " upon a matter which both parties understood to be doubtful, we can see no reason why he should not pay the price which he agreed to pay. *Exceptions overruled.*